UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BATH & BODY WORKS BRAND MANAGEMENT, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**TRI-COASTAL DESIGN GROUP, INC.,**<br><br>Defendant. | Civ. No. 2:12-00957 (WJM)<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff/Counterclaim-Defendant Bath and Body Works Brand Management, Inc. ("Bath and Body") and Defendant/Counterclaim-Plaintiff Tri-Coastal Design Group, Inc. ("Tri-Coastal") both allege that the other has infringed intellectual property rights in bottles for shower gels and liquid soaps. After Bath and Body moved to dismiss counterclaim counts I-VI, which sound in trademark infringement, Tri-Coastal amended its pleading, and Bath & Body withdrew its motion. Accordingly, the Court will **DENY** the motion to dismiss as moot.

    Bath and Body also asks the Court to strike, pursuant to Federal Rule of Civil Procedure 12(f), approximately 60 of Tri-Coastal's 84 affirmative defenses, either because they are not properly pled, because they do not exist, or because they confuse the issues. The Court will **GRANT** this motion part and **DENY** it in part. Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." As motions to strike are "often sought by the movant simply as a dilatory tactic," they are extremely disfavored. *F.T.C. v. Hope Now Modifications, LLC*, 2011 WL 883202, at *1 (D.N.J. Mar. 10, 2011) (internal quotation and citation omitted). "[E]ven where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Id.*

1

(quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 359 (D. Del. 2009)).

As an initial matter, the Court disagrees with Bath and Body's argument that affirmative defenses are subject to plausibility pleading. *Hope Now*, 2011 WL 883202 at **3-4 (concluding *Twombly* and *Iqbal* do not apply to affirmative defenses under Rule 8(c)). Because Bath & Body has not demonstrated that it will be prejudiced by Tri-Coastal's affirmative defenses of fraud (Affirmative Defenses ¶¶ 3, 82), laches (Affirmative Defenses ¶¶ 4, 24, 39, 55, 74), acquiescence (Affirmative Defenses ¶¶ 15, 25, 40, 56, 75), and estoppel (Affirmative Defenses ¶¶ 2, 10, 26, 41, 57, 71), the Court chooses not to strike those defenses. *See id.* at *4 (refusing to "exercise its discretion to strike . . . defenses 'in the absence of a showing of prejudice to the moving party'") (internal citation omitted). The same goes for Affirmative Defenses ¶¶ 17-19, 22-23, 27-38, 42-54, 58, 60-61, and 63-70. Bath and Body argues that these defenses "accomplish nothing more than to recapitulate Tri-Coastal's denials of Bath and Body Works' allegations, rendering them redundant and irrelevant," Pl.'s Br. 11, ECF No. 13-1, but it does not argue prejudice. Finally, the Court will exercise its discretion to strike Affirmative Defenses ¶ 20 (no showing of inducement to purchase) and ¶ 83 (violation of public policy). These defenses prejudice Bath and Body because they are not recognized affirmative defenses and because they appear to have no bearing on any issue at play in this case.

Accordingly, the Court will **GRANT** the motion to strike in part and **DENY** it in part. It will **STRIKE** only Affirmative Defenses ¶ 20 and ¶ 83. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 3, 2012**